IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

January 3, 2018 Session

## STATE OF TENNESSEE v. A.B. PRICE, JR. and VICTOR TYRONE SIMS

**Appeal from the Circuit Court for Henry County**
**No. 15680    Donald E. Parish, Judge**

_____

### No. W2017-00677-CCA-R3-CD

_____

THOMAS T. WOODALL, J., concurring.

I fully concur with Judge McMullen's opinion. I write separately in order to elaborate on some of the details on the Public Safety Act of 2016 ("Public Safety Act") which this court concludes violates the Tennessee Constitution. I do not take any pleasure when, after a thorough review of the statutes, the Tennessee Constitution, and applicable case law, I am compelled to conclude that statutes passed by the General Assembly and signed into law by the Governor violate provisions of our state's constitution. I do not doubt the good intentions of the executive and legislative branches of our state government in establishing Section 14 of the Public Safety Act.

Only the portion of the Public Safety Act found presently in T.C.A. § 40-28-301-306 pertaining to probation is deemed unconstitutional by this court. The provisions are contained solely in Section 14 of ch. 906 of the 2016 Public Acts.

Looking at the Sanctions Matrix made an exhibit at the hearing in this case, it appears that convicted felons given the largesse of probation by a trial court at sentencing are afforded multiple opportunities to avoid revocation of probation and incarceration for several types of probation violations. Based upon my observances for approximately thirty-four years in my legal career, as an Assistant District Attorney, then as a lawyer in private practice, and finally as an appellate judge, many of the probation violations dealt with only by probation officers under the Public Safety Act's "sanctions" are violations which routinely resulted in incarceration being imposed by trial judges.

For instance, the following violations by a probationer are designated for "Level 1" sanctions no matter what supervision level applies to the probationer. All the specified violations are to be addressed solely by a probation officer, where prosecutors, victims, and/or trial judges are prohibited from being involved in the proceedings: failure to report as instructed; one positive drug screen (for any drug, i.e. opioids which can be

prescribed, marijuana, heroin, cocaine, **except** only for methamphetamine, which has zero tolerance); one refusal to submit to a drug screen; additionally, for sex offenders, one use of alcohol; moving residence without permission or notification; violation of curfew; leaving the county without permission; failure of a sex offender to attend programming/treatment; failure to report violations/criminal behavior; failure to comply with lawful instructions/ special conditions of supervision; non-payment of financial obligations; unemployed-failure to provide verification/seek employment.

As already noted, this court's decision in the instant case does not affect any portion of the Public Safety Act except Section 14 of ch. 906 of the Public Acts of 2016, and further to that section only as it applies to people who are on probation due to sentences being suspended in whole or in part. To the extent that Section 14 of ch. 906 applies to those on parole, this court's opinion does not apply. A person on parole is a person sentenced by the trial court to serve the sentence by incarceration and thereby is ordered into the custody of the Tennessee Department of Correction for the incarceration. When paroled from incarceration, the parolee is outside of the confines of a prison or jail, but remains "in the legal custody of the warden of the prison or the supervisor of the county jail or workhouse from which the prisoner is paroled." T.C.A. § 40-28-117(a)(1) (2017 Supp.)

There is little doubt that the Public Safety Act, as written, would allow probationers to avoid the threat of revocation of probation and resulting incarceration in spite of violations of certain probation conditions. For years, each convicted felon and misdemeanant has known the possibility that *any* violation of the conditions of probation proven at a court hearing could possibly result in revocation of probation, followed by a court order requiring the sentence to be served by incarceration. Section 14 removes that possible sanction for individual violations of conditions of probation listed above. I fail to see how a procedure that mandates convicted felons must remain on probation following certain prohibited behavior promotes public safety.

Trial judges and state prosecutors (including the ones who appealed the trial court's judgment in this case) are much more accountable to the public than the probation officers. Victims of criminal conduct have always been able to attend court proceedings when probation violation hearings are on the docket, and they are entitled to discuss the matters with the prosecutors before the hearing. No such input by prosecutors and victims, as well as probationers' attorneys, was allowed in the circumstances of "graduated sanctions."

There may be ways our General Assembly can constitutionally require more lenient treatment of probationers who violate conditions of probation. However, for the reasons set forth in Judge McMullen's opinion, the current statutes relating to 2016

Public Acts, ch. 906, section 14, as they relate to persons on probation, violate the Constitution of Tennessee.

_____
THOMAS T. WOODALL, JUDGE